161-07/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
UNITED ARAB SHIPPING COMPANY (S.A.G.)
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

*JUDGE HOLWELL*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED ARAB SHIPPING COMPANY (S.A.G.),

                         Plaintiff,

   -against-

AFRICAN SHIPPING & FORWARDING CO. LTD.
and GABRIEL GEORGE HADDAD,

                    Defendants.
-------------------------------------------------------------------x

07-Civ-

**VERIFIED COMPLAINT**

*RECEIVED*
*APR 12 2007*
*U.S.D.C. S.D.N.Y.*
*CASHIERS*

Plaintiff, UNITED ARAB SHIPPING COMPANY (S.A.G.), (hereinafter "UASC") by its

attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants

AFRICAN SHIPPING & FORWARDING CO. LTD. (hereinafter "ASF") and GABRIEL

GEORGE HADDAD (hereinafter "HADDAD") alleges upon information and belief as follows:

    1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

of ships agency. This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question

jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action

arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral

Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/280646.1

2.    At all times relevant hereto, Plaintiff UASC was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Airport Road, Shuwaikh, PO Box 3636, Safat 13037, Kuwait.

3.    At all times relevant hereto, Defendant ASF was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Street 21, New Extension, PO Box No 8118 Al Amarat, Khartoum, Republic of Sudan.

4.    At all times relevant hereto, Defendant HADDAD was and still is a foreign citizen with an address at Street 21, New Extension, PO Box No 8118 Al Amarat, Khartoum, Republic of Sudan.

5.    Pursuant to an Agency Agreement dated July 13, 1998, UASC contracted for ASF to provide certain services as agent of UASC at certain ports in Sudan.

6.    A dispute arose concerning a claim by UASC for various sums which it contended had been collected by ASF on UASC's behalf.

7.    Following a meeting between the parties, HADDAD, "acting in his personal capacity for and on behalf of ASF", signed a Letter of Agreement dated July 20, 2002 which provided for certain installment payments to be made on behalf of ASF, as more particularly set out therein.

8.    The Letter of Agreement further provided for HADDAD to furnish UASC with his personal post-dated checks to cover the said installments as a guarantee to ensure payment of the monies owed by ASF to UASC.

9.    In his personal capacity, HADDAD also guaranteed and undertook to pay all monies owed to UASC by ASF.

10. HADDAD duly provided the anticipated post-dated checks.

11. Following the signing of the Letter of Agreement ASF failed to pay UASC the whole of the sums outstanding, and incurred additional liabilities to UASC.

12. As a result, ASF became indebted to UASC in the sum of $287,202.20.

13. While four of the post-dated checks provided by HADDAD were not presented for payment following payments made by ASF as required under the Letter of Agreement, three additional checks in the total amount of £111,960.00 were refused for payment when presented by UASC to its bank.  In addition, UASC was charged £45 by their bank for presentation expenses.

14. The Agency Agreement provides for disputes arising therefrom or in connection with the performance thereof to be referred to arbitration in London with English law to apply.

15. UASC commenced arbitration proceedings in London against ASF and HADDAD seeking to recover the above sums.

16. ASF and HADDAD failed to appoint an arbitrator as required by the terms of the arbitration agreement.

17. Accordingly, UASC applied to the High Court of Justice in England for the appointment of an arbitrator to determine the disputes between UASC and the Defendants.

18. By an Order dated April 4, 2006 the High Court of Justice appointed Mr. Bruce Harris as sole arbitrator.

19. By letter dated May 11, 2006 UASC's solicitors provided submissions and supporting documents in respect of the claims.

20. These were served on ASF and HADDAD on May 20, 2006 by courier and were also served by telefax on June 6, 2006.

21. After numerous directions by the arbitrator to ASF and HADDAD to provide a response to UASC's submission without reply, Mr. Harris proceeded solely on the basis of the submissions and documents submitted by UASC.

22. Having considered the submissions and documents of UASC, on July 28, 2006 Mr. Harris issued a final arbitration award in favor of UASC awarding damages as set forth therein. A copy of the arbitration award, with corrections, is annexed hereto as "Exhibit A".

23. Defendants ASF and HADDAD have failed to pay the sums due and owing under the final arbitration award despite due demand.

24. Pursuant to the doctrine of comity, Plaintiff UASC seeks enforcement and recognition of the London arbitration award dated July 28, 2006 as corrected, together with additional interests and costs herein.

25. This action is brought in order to obtain security in favor of UASC in respect to its claims against ASF and HADDAD, for all sums required to be paid by Defendants under the final arbitration award, as amended, including damages, costs in the arbitration and interest, all of which are recoverable as part of Plaintiff's main claim under English law.

26. Upon information and belief, and after investigation, Defendants ASF and HADDAD cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights,

charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

27. As near as presently can be estimated, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by UASC against ASF and HADDAD as set forth in the Final Arbitration Award, as amended, includes:

A.    As against Defendant ASF-

     1.  The sum of $287,200.20;

     2.  Interest at the rate of 4.5% per annum compounded quarterly from January 1, 2003 until the date of payment, presently estimated to be $59,979.78 (£1=$1.9628);

     3.  Mr Bruce Harris's costs of the award - £1540 ($3,022.71) with interest at the rate of 6.5% per annum compounded quarterly from July 28, 2006 until the date of payment, presently estimated to be £67.59 ($132.67);

     4.  UASC's attorneys' fees incurred in connection with the arbitration in the sum of $9,000.00.

B.    As against Defendant HADDAD-

     5.  The sums of $287,200.20 and $269,755.97;

6.  Interest on the above sums at the rate of 4.5% per annum compounded quarterly from July 11, 2003 until the date of payment, presently estimated to be $48,790.82;

7.  £45 Sterling (USD$88.33) together with interest thereon at the rate of 6.5% compounded quarterly from July 11, 2003 until date of payment, presently estimated to be £12.18 ($23.91).

8.  Harris's costs as above (under 3);

9.  UASC's attorneys' fees incurred in connection with the arbitration in the sum of $9,000.00.

WHEREFORE, Plaintiff UNITED ARAB SHIPPING COMPANY (S.A.G.) prays:

a.   That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants ASF and HADDAD;

b.   That if ASF and HADDAD cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants, up to and including the sums of **$359,335.36** with respect to Defendant AFRICAN SHIPPING & FORWARDING CO. LTD. and **$330,814.41** with respect to Defendant GABRIEL GEORGE HADDAD be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendants (collectively "ASSETS"), including but not limited to such

"ASSETS" as may be held, received or transferred in their own names or as may be held, received or transferred for their benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.     That this Court enter an Order confirming and recognizing the London Arbitration Award in favor of Plaintiff UASC and directing that judgment be entered in favor of the Plaintiff and against Defendants ASF and HADDAD pursuant to the doctrine of comity in the total amount of the Plaintiff's damages as set forth in the Final London Arbitration Award, together with accrued interests, costs and attorneys' fees; and

d.     That Plaintiff UASC have such other and further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       April 11, 2007

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for Plaintiff
                              UNITED ARAB SHIPPING COMPANY (S.A.G.)

                              By: _____
                                   Michael E. Unger (MU 0045)
                                   Lawrence J. Kahn (LK 5215)
                                   80 Pine Street
                                   New York, NY 10005
                                   (212) 425-1900
                                   (212) 425-1901 fax

## IN THE MATTER OF THE ARBITRATION ACT 1996

### AND

## IN THE MATTER OF AN ARBITRATION

### BETWEEN:

UNITED ARAB SHIPPING COMPANY (S.A.G.)
of Kuwait

Claimants

and

AFRICAN SHIPPING & FORWARDING CO. LTD           First Respondents
and
GABRIEL GEORGE HADDAD
of Sudan                                                      Second Respondent

### AGENCY AGREEMENT dd 13.7.98

### FINAL AWARD

**WHEREAS:**

(A)   By an agreement in writing (the "Agency Agreement") dated 13th July,
      1998 the parties agreed that the first respondents, African Shipping &
      Forwarding Co. Ltd, would provide certain services as agent to the
      claimants on terms and conditions more particularly set out in the said
      agreement.

(B)   A dispute arose concerning a claim by the claimants for various sums which they contended had been collected by the first respondents on the claimants' behalf. Following a meeting between the parties the second respondent, "acting in his personal capacity for and on behalf of the first respondents" signed a Letter of Agreement (the "Letter of Agreement") dated 20th July, 2002 which provided for certain instalment payments as more particularly set out therein and also provided for the second respondent to give the claimants his personal post-dated cheques to cover the said instalments as a guarantee to ensure payment of the monies owed to the claimants, and in his personal capacity he guaranteed and undertook to pay all monies owed to the claimants.

(C)   Clause 12 of the Agency Agreement provided, *inter alia*, for disputes arising therefrom or in connection with the performance thereof to be referred to arbitration in London in a manner more particularly set out therein. Clause 7 of the Letter of Agreement provided that "These covenants agreed between the two parties will be governed accordingly by the terms and conditions incorporated into" the Agency Agreement.

(D)   The second respondent duly provided the anticipated post-dated cheques. The first respondents failed to pay the claimants the whole of the sums outstanding, and incurred additional liabilities to the claimants following the Letter of Agreement, resulting in them owing the claimants a total of US$287,200.20. Three of the second respondent's post-date cheques, for a total of £111,960, were refused for payment when presented and in addition the claimants were charged £45 by their bank for presentation expenses. The claimants claimed the above sums from the respondents.

2

(E)    The claimants applied to the High Court of Justice in England, under
the Arbitration Act 1996, for the appointment of an arbitrator to
determine the disputes, as described above, between the claimants
and the respondents. By an Order dated 4th April, 2006 (Claim No.
2005 Folio 1036) the said Court appointed me, the undersigned Bruce
Harris of Flat 101, 7 High Holborn, London, WC1V 6DR as sole
arbitrator in respect of the said disputes and on 14th April, 2006 I
accepted appointment as sole arbitrator. The seat of the arbitration is
England.

(F)    By a letter dated 11th May, 2006 the claimants' solicitors provided
submissions and supporting documents in respect of the claims. These
were served on the respondents by courier on 20th May and were also
faxed on 6th June. On 8th June I sent the respondents a fax ordering
that their submissions be provided by no later than 18th June, and
indicating that if they thought that gave them insufficient time they
might apply for an extension. On 21st June, no response at all having
been received from either respondent, I sent a further fax to them
saying that unless I heard from them to the contrary by the end of
that day I must be taken as having made a peremptory order for
service of their submissions by 29th June, failing which they would be
disentitled from making any submissions and it would then be for the
claimants to prove their claim. No response was received and
accordingly the peremptory order came into effect. No submissions
were received from either respondent by 29th June or at all, and
accordingly I proceeded to consider and to decide the matter.

(G)    However, before finally doing so, on 22nd July I sent the respondents
a fax giving them until 25th July within which to request an oral
hearing. They failed to respond and I accordingly proceeded on the
basis of the submissions and documents before me.

3

**NOW I,** the said Bruce Harris, having taken upon myself the burden of this reference and having carefully and conscientiously read and considered the submissions and documents put before me on behalf of the claimants, and in the absence of any submissions or documents from the respondents despite their having had more than adequate opportunity to provide the same, and having given due weight to the claimants' said submissions and documents, **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FINAL AWARD** as follows:

1.   **I FIND AND HOLD** that the claimants' claims succeed in full.

2.   **I THEREFORE AWARD AND ADJUDGE** that the first respondents shall forthwith pay to the claimants the sum of $287,200.20 (Two hundred and eighty-seven thousand two hundred and twenty United States Dollars and twenty cents) together with interest thereon at the rate of 4.50% (four and one-half per cent) per annum, compounded at three-monthly rests, from 1st January, 2003 until the date of payment; and **I FURTHER AWARD AND ADJUDGE** that the second respondent shall forthwith pay to the claimants the sum of £112,005 (One hundred and twelve thousand and five Pounds Sterling) together with interest thereon at the rate of 6.50% (six and one-half per cent) per annum, compounded at three-monthly rests, from 11th July, 2003 until the date of payment.

3.   **I FURTHER AWARD AND DIRECT** that the respondents shall bear and pay their own costs and the claimants' costs of this reference (and I reserve the right to assess and make a further Award determining the amount of the claimants' said costs) **AND** that the respondents shall bear and pay the costs of this Award which I hereby fix in the sum of £15405 (One thousand five hundred and forty Pounds Sterling) **PROVIDED** that if, in the first instance, the claimants shall have paid

4

any amount in respect thereof, they shall be entitled to immediate reimbursement from the respondents in respect of the sum so paid.

4.   **FURTHER** the respondents are to pay the claimants interest on the costs they are entitled to recover hereunder at the rate of 6.50% (six and one-half per cent) per annum compounded at three-monthly rests from the date hereof until the date of payment of such costs by the respondents to the claimants; and at the same rate and on the same basis upon any amount paid to me by the claimants in respect of the costs hereof, from the date of any payment to me by the claimants until the date of reimbursement of that sum by the respondents to the claimants.

**GIVEN** under my hand this 28th day of July, 2006

Sole Arbitrator                                    Witness

5

# IN THE MATTER OF THE ARBITRATION ACT 1996

## AND

# IN THE MATTER OF AN ARBITRATION

## BETWEEN:

UNITED ARAB SHIPPING COMPANY (S.A.G.)
of Kuwait
Claimants

and

AFRICAN SHIPPING & FORWARDING CO. LTD
First Respondents
and
GABRIEL GEORGE HADDAD
of Sudan
Second Respondent

## AGENCY AGREEMENT
### dd 13.7.98

## FINAL AWARD

## IN THE MATTER OF THE ARBITRATION ACT 1996

## AND

## IN THE MATTER OF AN ARBITRATION

## BETWEEN:

UNITED ARAB SHIPPING COMPANY (S.A.G.)
of Kuwait                                              Claimants

and

AFRICAN SHIPPING & FORWARDING CO. LTD         First Respondents
and
GABRIEL GEORGE HADDAD
of Sudan                                          Second Respondent

## AGENCY AGREEMENT dd 13.7.98

## CORRECTION TO FINAL AWARD

**WHEREAS:**

(A)  I, the undersigned arbitrator, Bruce Harris, made a Final Award herein
     dated 28th July 2006 in which, in paragraph 3, the figure of £1,540
     wrongly appeared (due to a clerical error) as £15405.

(B)  I wish to correct that error, as I am entitled to do under s.57(3)(a) of
     the Arbitration Act 1996

**NOW I,** the said Bruce Harris, hereby declare that in my Award of 26th July 2006, paragraph 3 is to read as follows:

3.   **I FURTHER AWARD AND DIRECT** that the respondents shall bear and pay their own costs and the claimants' costs of this reference (and I reserve the right to assess and make a further Award determining the amount of the claimants' said costs) **AND** that the respondents shall bear and pay the costs of this Award which I hereby fix in the sum of £1,540 (One thousand five hundred and forty Pounds Sterling) **PROVIDED** that if, in the first instance, the claimants shall have paid any amount in respect thereof, they shall be entitled to immediate reimbursement from the respondents in respect of the sum so paid.

**GIVEN** under my hand this 22nd day of August, 2006

.............................................

Sole Arbitrator

........................................

Witness

2

<u>**IN THE MATTER OF THE ARBITRATION ACT 1996**</u>

<u>**AND**</u>

<u>**IN THE MATTER OF AN ARBITRATION**</u>

<u>**BETWEEN:**</u>

UNITED ARAB SHIPPING COMPANY (S.A.G.)
of Kuwait
<u>Claimants</u>

and

AFRICAN SHIPPING & FORWARDING CO. LTD
<u>First Respondents</u>
and
GABRIEL GEORGE HADDAD
of Sudan
<u>Second Respondent</u>

<u>**AGENCY AGREEMENT dd 13.7.98**</u>

<u>**CORRECTION TO FINAL AWARD**</u>

## IN THE MATTER OF THE ARBITRATION ACT 1996

## AND

## IN THE MATTER OF AN ARBITRATION

## BETWEEN:

UNITED ARAB SHIPPING COMPANY (S.A.G.)
of Kuwait

Claimants

and

AFRICAN SHIPPING & FORWARDING CO. LTD                First Respondents
and
GABRIEL GEORGE HADDAD
of Sudan                                             Second Respondent

## AGENCY AGREEMENT dd 13.7.98

## SECOND CORRECTION TO FINAL AWARD

## WHEREAS:

(A)   I, the undersigned arbitrator, Bruce Harris, made a Final Award herein
      dated 28th July 2006 in which, as a result of my failing properly to
      understand the claim submissions, I made an Award (subsequently
      corrected by a Correction dated 22nd August 2006) which did not fully
      deal with the matters referred to me.

(B)    I wish to correct my error, as I am entitled to do under s.57(3)(a)
       and/or (b) of the Arbitration Act 1996

**NOW I,** the said Bruce Harris, hereby declare that in my Award of 28th July 2006, Recital (D) is to read as follows:

(D)    The second respondent duly provided the anticipated post-dated cheques. The first respondents failed to pay the claimants the whole of the sums outstanding, and incurred additional liabilities to the claimants following the Letter of Agreement, resulting in them owing the claimants a total of US$287,200.20. Whilst four of the second respondent's post-dated cheques were not presented for payment following payments made by the first respondents under the Letter of Agreement, three of the cheques, for a total of £111,960, were refused for payment when presented and in addition the claimants were charged £45 by their bank for presentation expenses. The claimants claimed $287,200.20 from the first respondents and (jointly and severally with the first respondents) $269,755.95 and £45 from the second respondent.

and paragraph 2 is to read:

2.    **I THEREFORE AWARD AND ADJUDGE** that the first respondents shall forthwith pay to the claimants the sum of $287,200.20 (Two hundred and eighty-seven thousand two hundred and twenty United States Dollars and twenty cents) together with interest thereon at the rate of 4.50% (four and one-half per cent) per annum, compounded at three-monthly rests, from 1st January, 2003 until the date of payment. **I FURTHER AWARD AND ADJUDGE** that the second respondent is jointly and severally liable with the first respondents for, and shall forthwith pay to the claimants, the sum of $269,755.97 (Two hundred and sixty-nine thousand seven hundred and fifty-five United States Dollars) together with interest thereon at the rate of 4.50% (four and one-half per cent) per annum, compounded at three-monthly rests, from 11th July, 2003 until the date of payment; and that he is severally liable for, and shall forthwith pay to the claimants, the sum of £45 (Forty-five Pounds Sterling) together with interest thereon at the rate of 6.50% (six and one-half per cent) per annum, compounded at three-monthly rests, from 11th July, 2003 until the date of payment. (For the avoidance of doubt, the sum of $269,755.97 includes the value of the dishonoured cheques amounting to £111,960).

2

**GIVEN** under my hand this 26th day of September, 2006

.......................................................    ...........................................

Sole Arbitrator                                        Witness

3

## IN THE MATTER OF THE ARBITRATION ACT 1996

## AND

## IN THE MATTER OF AN ARBITRATION

## BETWEEN:

UNITED ARAB SHIPPING COMPANY (S.A.G.)
of Kuwait                                        Claimants

and

AFRICAN SHIPPING & FORWARDING CO. LTD          First Respondents
and
GABRIEL GEORGE HADDAD
of Sudan                                         Second Respondent

## AGENCY AGREEMENT dd 13.7.98

## SECOND CORRECTION TO FINAL AWARD

**ATTORNEY VERIFICATION**

State of New York )
                  ) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.      I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
12th day of April, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08